UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUSSEL G. GARNER and CEDAR C. GARNER, | Case No. 2:22-cv-00315-BLW |
| Plaintiffs, | **INITIAL SCREENING ORDER** |
| v. | |
| RICHARD SANDERS, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Plaintiffs Russell Garner and Cedar Garner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Plaintiffs' request to determine whether they are entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because they are filing to proceed in forma pauperis, 28 U.S.C. §1915(e)(2)(B), empowers the Court to "dismiss the case at any time if the court

determines . . . the action . . . fails to state a claim on which relief may be granted."
Having reviewed the record, and otherwise being fully informed, the Court enters
the following Order.

**REVIEW OF COMPLAINT**

The Court is permitted to conduct an initial review of complaints filed in
forma pauperis to determine whether summary dismissal is appropriate. If it
chooses to engage in such a review, the statute requires the Court to dismiss any
portion of the complaint if it states a frivolous or malicious claim, fails to state a
claim upon which relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon
which relief can be granted, plaintiff's complaint must include facts sufficient to
show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78
(2009).

**1.     Factual Background**

Plaintiffs allege that the defendant, Richard Sanders, chained off their
driveway, preventing them access to remove dead trees, and also "fraudulently
post[ed] false documents on the well house located on Plaintiffs' property, denying
[them] access to redirect water." *Compl.*, Dkt. 2. Plaintiffs further allege that
Defendant "has created a fire hazard" according to their "State of Idaho permit to
appropriate water." *Id.*

Plaintiffs brought this diversity action against Defendant under Idaho Code 42-1401, et seq., which governs "Adjudication of Water Rights," and Idaho Code 42-1601, et seq, which governs "Artesian Wells." Plaintiffs request a "cease and desist compelling Defendant any and all use of the well on Plaintiffs' property," as well $800 for ten months use of water and $1,500 for "nuisance." *Id.*

## 2.      Legal Standard

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would

remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). On the other hand, section 1915(e)(2)(B)(i) "gives the courts the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks and citation omitted). *Id.* "Examples of the latter class" include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.*

## 3.    Discussion

The threshold question in this case is whether the Court has subject matter jurisdiction over Plaintiffs' case. Federal courts are courts of limited subject matter jurisdiction. This Court cannot hear Plaintiffs' case unless they satisfy the Court that a basis for jurisdiction exists. Federal courts have jurisdiction over (1) claims arising under federal law, 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); and (2) other claims if the parties do not reside in the same state, and the plaintiff seeks more than $75,000, 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

Here, it does not appear that this Court has subject matter jurisdiction over Plaintiffs' claims. The Court lacks jurisdiction under 28 U.S.C. § 1331 because Plaintiffs seeks adjudication of water rights under Idaho state law and assert no claims arising under federal law. Neither does the Court have jurisdiction under 28 U.S.C. § 1332. The Complaint specifically alleges that both Plaintiffs and Defendant are citizens of Idaho, and the amount of controversy is under $2,500— far below the jurisdictional requisite of $75,000.

For the foregoing reasons, Plaintiffs have not established that the Court has subject matter jurisdiction over their claims. Any amended complaint must contain allegations sufficient for the Court to conclude that it has subject-matter jurisdiction over Plaintiffs' claims. If Plaintiffs file an amended complaint, they must also file a "Motion to Review the Amended Complaint."

Because Plaintiffs must file an amended complaint before proceeding, the Court will deny their application to proceed in forma pauperis *without prejudice*. If Plaintiffs choose to file an amended complaint establishing the Court has subject-matter jurisdiction to hear their claims, they may renew their in forma pauperis application at that time. Alternatively, Plaintiffs may file a notice of voluntary dismissal within 30 days of the date of this Order. If Plaintiff chooses this option, they will not be foreclosed from all relief, for they will be able to pursue their claims in state court as permitted under Idaho law.

**ORDER**

**IT IS ORDERED that:**

1.     The Complaint does not establish that the Court has subject matter
       jurisdiction and fails to state a claim upon which relief may be
       granted. Plaintiffs have 30 days within which to file an amended
       complaint establishing subject-matter jurisdictions. If Plaintiffs
       choose to file an amended complaint, they must file (along with the
       amended complaint) a "Motion to Review the Amended Complaint."
       If Plaintiffs do not amend within 30 days, this case may be dismissed
       without further notice. Alternatively, Plaintiffs may file a Notice of
       Voluntary Dismissal if Plaintiffs no longer intend to pursue this case
       in federal court.

2.     Plaintiffs' Application for Leave to Proceed in Forma Pauperis (Dkt.
       1) is DENIED *without prejudice*. If Plaintiffs choose to file an
       amended complaint in this Court, they may also renew their
       application to proceed in forma pauperis, along with filing their
       amended complaint and "Motion to Review the Amended
       Complaint."



DATED: November 4, 2022

B. Lynn Winmill
U.S. District Court Judge